## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

Civil Action No. _____

Success Foods Management Group, LLC,
d/b/a Torchy's Tacos,

        Plaintiff,

Dam Good Systems, LLC,
d/b/a Dam Good Tacos,

        Defendant.

## COMPLAINT AND JURY DEMAND

Plaintiff Success Foods Management Group, LLC, d/b/a Torchy's Tacos, for its Complaint and Jury Demand against Defendant Dam Good Systems, LLC, d/b/a Dam Good Tacos ("Dam Good Tacos" or "Defendant") states and alleges as follows:

### JURISDICTION AND VENUE

1. This case arises under the federal Trademark Act of 1946 ("the Lanham Act"), as amended, 15 U.S.C. §§ 1051 - 1127 and Colorado law. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338 and 1367, as well as 15 U.S.C. § 1121.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c).

### THE PARTIES

3. Success Foods Management Group, LLC is a Texas limited liability corporation with a principal place of business at 4501 Springdale Road, Austin, Texas 78723.

1

4.      Upon information and belief, Dam Good Systems, LLC is a Colorado limited liability company with a principal place of business at 604 Edwards St., Fort Collins, Colorado 80524.

5.      Upon information and belief, Dam Good Systems, LLC adopted and uses the trade name Dam Good Tacos.

**<u>SUCCESS FOODS MANAGEMENT GROUP'S
TORCHY'S DAMN GOOD TACOS® MARK</u>**

6.      Success Foods Management Group, LLC, d/b/a Torchy's Tacos (hereinafter "Torchy's") is a popular restaurant and food truck.  Torchy's offers an array of Mexican food and drink options in association with its tagline TORCHY'S DAMN GOOD TACOS. Torchy's prominently features the TORCHY'S DAMN GOOD TACOS mark on its restaurant signage, food truck signage, website, menu, and merchandising products.  Depiction of Torchy's' prominent use of its TORCHY'S DAMN GOOD TACOS mark are provided below:





*See* Torchy's' Website.

7. Since 2006, Torchy's has provided its restaurant services in association with its TORCHY'S DAMN GOOD TACOS mark. Starting as a single food truck, Torchy's has expanded its provision of services and use of the TORCHY'S DAMN GOOD TACOS mark to over forty-five locations, in Colorado, Texas, and Oklahoma, including a restaurant in Fort Collins, Colorado.

8. Torchy's is the owner of U.S. Registration No. 3,590,520 for TORCHY'S DAMN GOOD TACOS and design in association with "Mobile cafe services for providing food and drink" ("TORCHY'S DAMN GOOD TACOS® Mark.")  Torchy's filed the TORCHY'S DAMN GOOD TACOS® Mark on July 9, 2008. The United States Patent and Trademark Office registered this mark on December 30, 2008. *See* Exhibit A. Because Torchy's filed the appropriate Section 8 and 15 affidavits with the United States Patent and Trademark Office in 2014, the TORCHY'S DAMN GOOD TACOS® mark is deemed incontestable under 15 U.S.C. § 1065 of the Lanham Act.

9. Torchy's has used the TORCHY'S DAMN GOOD TACOS® Mark for over ten years in association with its restaurant and mobile café services.

10. Torchy's has expended a substantial amount of money and effort in advertising and promoting its TORCHY'S DAMN GOOD TACOS® Mark. Torchy's' substantial

3

promotional, advertising, publicity and public relations activities further promotes the recognition and goodwill associated with the TORCHY'S DAMN GOOD TACOS® Mark.

11.     Torchy's' ownership of the TORCHY'S DAMN GOOD TACOS® Mark accords Torchy's exclusive nationwide rights to the use of TORCHY'S DAMN GOOD TACOS® Mark for its services, and the right to prevent others from using the TORCHY'S DAMN GOOD TACOS® Mark in association with these services.

12.     Torchy's' TORCHY'S DAMN GOOD TACOS® Mark is incontestable. Torchy's' incontestable TORCHY'S DAMN GOOD TACOS® Mark is evidence of the validity of the TORCHY'S DAMN GOOD TACOS® Mark and of the registration of the mark, of Torchy's' ownership of the TORCHY'S DAMN GOOD TACOS® Mark, and of Torchy's' exclusive right to use the TORCHY'S DAMN GOOD TACOS® Mark in commerce on or in connection with the goods or services specified in the affidavit filed under the provisions of 15 U.S.C. § 1065.  *See* 15 U.S.C. § 1115.

## DAM GOOD SYSTEMS' INFRINGEMENT OF THE TORCHY'S DAMN GOOD TACOS® MARK

13.     Dam Good Systems, LLC is a Colorado limited liability that has adopted the trade name Dam Good Tacos ("Dam Good Tacos.")

14.     Upon information and belief, Dam Good Tacos provides restaurant services that offer a variety of Mexican food and beverage options.

15.     Upon information and belief, Dam Good Tacos has a single location at 120 1/2 W. Laurel St., Fort Collins, CO.

16.     Upon information and belief, Dam Good Tacos was formed in 2012 as a mobile cart that offered various taco selections.  The Dam Good Tacos mobile cart was moved to Fort Collins a year later, where it was positioned outside numerous local breweries in Fort Collins.  In

June of 2013, the current Dam Good Tacos restaurant was opened. In addition to the restaurant and mobile café services, Dam Good Tacos also sells merchandising items, such as hats, branded with the Dam Good Tacos mark. These restaurant and mobile café services and merchandising items are hereinafter referred to Dam Good Tacos' goods and services.

17. Dam Good Tacos advertises its Dam Good Tacos mark and associated goods and services on its website, located at www.damgoodtacos.com (hereinafter the "Dam Good Tacos Website"), as well as its Facebook page at damgoodtacos@facebook.com, its email address at damgoodtacos@gmail.com, and its username @damgoodtacos on Instagram and Twitter.

18. Dam Good Tacos began promoting and advertising its goods and services under the Dam Good Tacos Mark after Torchy's adopted its TORCHY'S DAMN GOOD TACOS® Mark.

19. On November 18, 2016, Torchy's wrote a cease and desist to Dam Good Tacos notifying it that the confusingly similar Dam Good Tacos Mark infringed the TORCHY'S DAMN GOOD TACOS® Mark and requesting that it cease use of the Dam Good Tacos Mark.

20. To date, Dam Good Tacos has refused to change and cease use of the Dam Good Tacos Mark.

21. The Dam Good Tacos Mark is confusingly similar to Torchy's' TORCHY'S DAMN GOOD TACOS® Mark. The Dam Good Tacos Mark and the TORCHY'S DAMN GOOD TACOS® Mark both incorporate the terms DAM, GOOD, and TACOS, albeit DAM is spelled differently amongst the respective marks. The TORCHY'S DAMN GOOD TACOS® Mark and the Dam Good Tacos Mark are both used in association with identical and highly similar restaurant and mobile café services and merchandising items. Moreover, both Torchy's and Dam Good Tacos have restaurants located in the city of Fort Collins, Colorado.

5

22. Since at least as early as 2008, Dam Good Tacos has had constructive notice of Torchy's' exclusive right to use the TORCHY'S DAMN GOOD TACOS® Mark for mobile cafe services for providing food and drink, by virtue of Torchy's' federal registration of the TORCHY'S DAMN GOOD TACOS® Mark covering these services in Class 43.

23. Since at least as early as November 18, 2016, Dam Good Tacos has had actual knowledge of Torchy's' use and registration of the TORCHY'S DAMN GOOD TACOS® Mark in association with restaurant and mobile café services and merchandising items.

24. Notwithstanding Dam Good Systems' actual and/or constructive knowledge of Torchy's' trademark rights in the TORCHY'S DAMN GOOD TACOS® Mark, Dam Good Tacos began using and has continued to use the Dam Good Tacos Mark for the very same goods and services.

25. Dam Good Systems' use of the Dam Good Tacos Mark in connection with restaurant and mobile café services and associated merchandising items is likely to continue to cause confusion, by misleading consumers to believe, erroneously, that the restaurant and mobile café services offered by Dam Good Tacos are approved, provided, endorsed, and/or sponsored by Torchy's or that Dam Good Tacos is an entity owned by or affiliated with Torchy's.

26. Dam Good Tacos conduct has caused, and will continue to cause, damage to the reputation and goodwill associated with the TORCHY'S DAM GOOD TACOS® Mark.

**FIRST CLAIM FOR RELIEF**
**FEDERAL TRADEMARK INFRINGEMENT**

27. Plaintiff repeats and realleges paragraphs 1-26 above.

28. This cause of action arises under the Federal Trademark Act, 15 U.S.C. §§ 1051-1127, including 15 U.S.C. §§ 1114, 1116, 1117 & 1118.

29. Dam Good Tacos has used a mark confusingly similar to Torchy's' TORCHY'S DAMN GOOD TACOS® Mark in connection with the advertising, promotion, and/or provision of its restaurant and mobile cafe services and associated merchandising goods that are identical and/or highly related to those services offered by Torchy's under its TORCHY'S DAMN GOOD TACOS® Mark in a manner which has caused actual confusion and is likely to cause confusion, to cause mistake, or to deceive.

30. Dam Good Tacos' use of the Dam Good Tacos Mark is likely to mislead and cause customers and/or the general public to believe that the services offered by Dam Good Tacos are provided by or under the authority of Torchy's. Dam Good Tacos' use of the Dam Good Tacos Mark infringes Torchy's' rights in its federally registered TORCHY'S DAMN GOOD TACOS® Mark.

31. Torchy's' goodwill in the TORCHY'S DAMN GOOD TACOS® Mark will be irreparably harmed if Dam Good Tacos continues its actions.

32. Defendant's actions constitute trademark infringement under 15 U.S.C. § 1114.

33. Torchy's has been damaged by the actions of Dam Good Tacos for which it has no adequate remedy at law, and Dam Good Tacos will continue to do so unless restrained and enjoined by this Court from further infringing the TORCHY'S DAMN GOOD TACOS® Mark and causing consumer confusion.

**SECOND CLAIM FOR RELIEF**
**FEDERAL UNFAIR COMPETITION**

34. Plaintiff repeats and realleges paragraphs 1-33 above.

35. This cause of action arises under the Lanham Act, 15 U.S.C. § 1125(a).

36. Dam Good Tacos' use of the Dam Good Tacos Mark in association with restaurant and mobile cafe services and associated merchandising goods closely related to those

7

offered by Torchy's under its TORCHY'S DAMN GOOD TACOS® Mark, without the consent Torchy's, has caused actual confusion and is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection or association of Dam Good Tacos with Torchy's or as to the origin, sponsorship, or approval of Dam Good Tacos' goods and services or commercial activities by Torchy's.  Dam Good Tacos' use of the Dam Good Tacos Mark infringes Torchy's' rights in its federally registered mark TORCHY'S DAMN GOOD TACOS® Mark and Torchy's' common law rights in its TORCHY'S DAMN GOOD TACOS Mark.  This conduct further constitutes unfair competition and false designation of origin.

37.     Dam Good Tacos' acts constitute a false designation of origin and misrepresentation in violation of 15 U.S.C. § 1125(a).

38.     Dam Good Tacos has inflicted damage and irreparable injury upon Torchy's for which it has no adequate remedy at law, and Dam Good Tacos will continue to do so unless restrained and enjoined by this Court from further infringing the TORCHY'S DAMN GOOD TACOS® Mark, thereby confusing the public.

**THIRD CLAIM FOR RELIEF**
**VIOLATION OF COLORADO CONSUMER PROTECTION ACT**
**C.R.S. §6-1-105,** *et seq.*

39.     Plaintiff repeats and realleges paragraphs 1-38 above.

40.     Dam Good Tacos' use of the Dam Good Tacos Mark for restaurant and mobile café services and associated merchandising goods constitutes deceptive trade practices in violation of the Colorado Consumer Protection Act, C.R.S. § 6-1-101 *et seq.*, because Dam Good Tacos knowingly passes off its services as those of another.  C.R.S. § 6-1-105(a).

41.     Dam Good Tacos' use of the Dam Good Tacos Mark for restaurant and mobile cafe services and associated merchandising goods constitutes deceptive trade practices in violation of the Colorado Consumer Protection Act, C.R.S. § 6-1-105, because Dam Good Tacos

knowingly makes a false representation as to the source, sponsorship, approval, and/or certification of its goods and services, as those of another.  C.R.S. § 6-1-105(b).

42. Dam Good Services' use of the Dam Good Services Mark for restaurant and mobile café services and associated merchandising goods constitutes deceptive trade practices in violation of the Colorado Consumer Protection Act, C.R.S. § 6-1-105, because Dam Good Tacos knowingly makes a false representation as to affiliation, connection, and/or association with or certification by Torchy's.  C.R.S. § 6-1-105(c).

43. Dam Good Tacos' improper and unauthorized use of the Dam Good Tacos Mark confuses consumers, thereby negatively impacting the public.

44. Dam Good Tacos' improper and unauthorized use of the Dam Good Tacos Mark has caused, and will continue to cause, injury to Torchy's for which there is no adequate remedy at law.

45. Upon information and belief, Dam Good Tacos has received revenues and profits as a result of its unfair and deceptive conduct, to which Dam Good Tacos is not entitled, and Torchy's has suffered damages as a result of Dam Good Tacos' unlawful conduct.

## JURY DEMAND

Torchy's requests a trial by jury on all claims so triable asserted in this Complaint and Jury Demand.

**WHEREFORE**, Torchy's prays that the Court enter an Order:

A. Preliminarily and permanently enjoining and restraining Defendant and its directors, officers, agents, servants, employees, subsidiaries, affiliates, and all persons in active concert or participation with, through, or under Defendant:

1. From using in any way the Dam Good Tacos Mark or any other marks confusingly similar to the TORCHY'S DAMN GOOD TACOS® Mark for Dam Good Tacos' goods and services;

2. From committing any acts of unfair competition and from creating a false designation of origin or a false description or representation with respect to Torchy's' TORCHY'S DAMN GOOD TACOS® Mark;

3. From committing any acts of unfair competition by passing off or inducing or enabling others to sell or pass off services which are not Torchy's' goods and services as those of Torchy's;

4. From using in any manner websites, URLs, packaging, labels, signs, literature, display cards, or other packaging, advertising, or promotional materials, or other materials related to Dam Good Tacos' services that feature the Dam Good Tacos Mark and any other mark confusingly similar to Torchy's' TORCHY'S DAMN GOOD TACOS® Mark;

5. From making any statements on promotional materials or advertising for the Dam Good Tacos' services which are false or misleading as to source or origin; and

6. From committing any acts of deceptive or unlawful trade practices calculated to cause members of the trade or purchasing public to believe that Dam Good Tacos' goods and services are the those of Torchy's, or sponsored by or associated with, or related to, or connected with, or in some way endorsed or promoted by Torchy's under the supervision or control of Torchy's.

B.      Requiring that the Defendant delivers up and/or transfers to Torchy's the URLs (including www.damgoodtacos.com), user names (including @damgoodtacos), e-mails (damgoodtacos@gmail.com), containers, signs, packaging materials, printing plates, and advertising or promotional materials and any materials used in the preparation thereof, which in any way use or make reference to the Dam Good Tacos Mark or any term confusingly similar to Torchy's' TORCHY'S DAMN GOOD TACOS® Mark pursuant to 15 U.S.C. §1118.

C.      Requiring that Defendant, within thirty (30) days after service of notice in entry of judgment or issuance of an injunction pursuant thereto, files with the Court and serve upon the Torchy's' counsel a written report under oath setting forth details of the manner in which Defendant has complied with the Court's order pursuant to paragraphs A - B above.

D.      Requiring Dam Good Tacos to account and pay over to Torchy's all damages sustained by Torchy's, Dam Good Tacos' profits attributable to its wrongful conduct, plus interest thereon, and for damages resulting from infringement of the TORCHY'S DAMN GOOD TACOS® Mark, from unfair competition or false designation of origin under the Lanham Act, and/or deceptive trade practices under Colorado law.

E.      Awarding Torchy's the costs of this suit in accordance with 15 U.S.C. §1117, Colorado law, and other applicable law.

F.      Awarding Torchy's prejudgment and post-judgment interest as recoverable under statute and common law on all sums; and

G.      Awarding Torchy's such other relief as the Court may deem just and proper

11

|  |  |
|---|---|
|  | Success Foods Management Group, LLC, d/b/a Torchy's Tacos. |
|  | By its attorneys, |
| Dated:  April 5, 2017 | */s/ Kirstin Stoll-DeBell* <br> Kirstin Stoll-DeBell <br> Merchant & Gould P.C. <br> 1801 California Street <br> Suite 3300 <br> Denver, Colorado 80202 <br> Telephone (303) 357-1640 <br> KStoll@merchantgould.com <br><br> Dana Jozefczyk <br> Merchant & Gould P.C. <br> 1801 California Street <br> Suite 3300 <br> Denver, Colorado 80202 <br> Telephone (303) 357-1645 <br> DJozefczyk@merchantgould.com |

Case No. 1:17-cv-00842-RBJ   Document 1   filed 04/05/17   USDC Colorado   pg 12 of 12